a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| JHANAK BAHADUR PUN, Petitioner | CIVIL DOCKET NO. 1:20-CV-00972-P |
| VERSUS | JUDGE DRELL |
| WARDEN, *ET AL.*, Respondents | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 1) filed by *pro se* Petitioner Jhanak Bahadur Pun ("Pun"). Pun included a request that he not be transferred from the LaSalle Correctional Center ("LCC") during the pendency of this proceeding. The Court construes this request as a Motion for Temporary Restraining Order ("TRO").

Because Pun does not allege that he faces any immediate and irreparable injury, loss, or damage, and because he provides no legal justification to enjoin ICE from moving him to another facility, Pun's Motion for TRO should be DENIED.

I.  Background

Pun is a detainee in the custody of the Department of Homeland Security ("DHS") and Bureau of Immigration and Customs Enforcement ("ICE") housed at LCC. Pun alleges in part that his custody is unlawful under *Zadvydas v. Davis*, 533 U.S. 678 (2001). ECF No. 1 at 6. Pun ultimately seeks a release from custody under

§ 2241. Pun asks that ICE be enjoined from transferring him out of LCC while the § 2241 Petition is pending. ECF No. 1 at 7.

II. Law and Analysis

Rule 65 of the Federal Rules of Civil Procedure provides, in pertinent part, as follows:

> (1) Issuing Without Notice. The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65

Pun has not submitted an affidavit or a verified complaint as required by the Federal Rules of Civil Procedure. Additionally, Pun does not allege that any immediate or irreparable injury, loss, or damage would occur without the TRO.

Pun's physical presence in this district is not required for the adjudication of his Petition. Jurisdiction attaches upon filing a habeas petition, and it is not destroyed upon the subsequent transfer or custodial change of the petitioner. *See McClure v. Hopper*, 577 F.2d 938, 939-40 (5th Cir. 1978), *cert. denied*, 439 U.S. 1077 (1979). Therefore, the transfer of Pun out of LCC or the Western District of Louisiana would not destroy the Court's jurisdiction over Pun's habeas claim.

Additionally, § 2241 petitions regarding *Zadvydas* claims and the legality of detention pending removal are regularly adjudicated on the briefs without the need

for in-person hearings. And because Pun is proceeding *pro se,* there is no issue regarding his ability to meet with counsel.

Moreover, claims regarding prison transfers are generally not cognizable under § 2241. *See Greenhill v. Menifee*, 202 F. App'x 799, 800 (5th Cir. 2006) (claim not cognizable under § 2241 because prisoners lack a constitutionally protected interest in where they are incarcerated); *Zapata v. United States*, 264 F. App'x 242, 243-44 (3d Cir. 2008) (district court lacked jurisdiction over a § 2241 petition that challenged a transfer). There is no protected liberty interest in being housed in a particular facility. *Armendariz-Mata v. Lappin*, 157 F. App'x 767 (5th Cir. 2005) (citing *Yates v. Stalder*, 217 F.3d 332, 334 (5th Cir. 2000)).

### III. Conclusion

Because Pun does not allege that he faces any immediate and irreparable injury, loss or damage, and because he provides no legal justification to enjoin ICE from moving him to another ICE facility, IT IS RECOMMENDED that Pun's Motion for TRO to prohibit his transfer from LCC be DENIED.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), any party may serve and file with the Clerk of Court written objections to this Report and Recommendation within fourteen (14) days after being served with a copy thereof, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections or reply briefs) may be filed,

unless a party shows good cause and obtains leave of court. The District Judge will consider timely objections before issuing a final ruling.

A party's failure to file written objections to the proposed factual findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days after being served with a copy thereof, or within any extension of time granted by the Court under Fed.R.Civ.P. 6(b), shall bar that party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in Alexandria, Louisiana, on this 12th day of August 2020.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE